UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLDN COBELFRET PTE LTD

        Plaintiff,

- against -

ING BANK N.V.

        Defendant.

Case No.: 16 Civ.

16 CV 4312

## AFFIDAVIT OF JAMES H. POWER IN SUPPORT OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**JAMES H. POWER**, declares under penalty of perjury as follows:

1. I am a member of the firm of Holland & Knight LLP, and I make this Affidavit in support of the application of plaintiff CLdN Cobelfret Pte Ltd ("Cobelfret" or "Plaintiff") in this matter for a temporary restraining order and preliminary injunction as set forth in the accompanying papers, and pursuant to Fed. R. Civ. P. 65(b)(1)(B).

2. Plaintiff has filed a Complaint for declaratory relief pursuant to 28 U.S.C. § 2201 against ING Bank N.V. ("ING") in relation to an alleged maritime lien claim asserted by ING as purported assignee of O.W. Bunker (Switzerland) SA ("O.W. Switzerland")'s alleged receivables for outstanding invoices related a fuel delivery to the vessel M/V Piet (the "Vessel") on October 28, 2014 in Jianting, China (the "Fuel Delivery").

3. As set forth in its Complaint and Memorandum of Law, filed herewith, O.W. Switzerland did not pay its underlying contractual counterparty, O.W. Bunker China Ltd. ("O.W. China"), nor did it pay the physical supplier of bunkers, Sinopec Zhejiang Zoushan Petroleum Co., Ltd. ("Sinopec"), and therefore it cannot acquire a maritime lien under the Commercial

Instruments and Maritime Lien Act, 46 U.S.C. § 31301, *et seq.*. ING has not paid O.W. China or Sinopec.

4.  In the alternative, if O.W. Switzerland did acquire a maritime lien for the provision of necessaries to the Vessel, it did not validly assign a maritime lien to ING pursuant to the security agreement purporting to create such assignment. ING is not permitted to arrest the Vessel pursuant to Supplemental Admiralty Rule C or similar law.

5.  It is likely that the determination of ING's assignment will be governed by English law. There are many cases in the Southern District of New York where the issue of the validity of ING's lien has arisen, and foreign law declarations submitted in those actions by English lawyers indicate that ING has not been assigned maritime liens by any of the O.W. Bunker entities under the security agreement, including O.W. Switzerland or O.W. China. Therefore Plaintiff has a likelihood of success on the merits in obtaining the requested declaratory relief. The foreign law declaration of Mr. Peter John Sibley MacDonald Eggers, QC, submitted in accordance with Rule 44.1 in Case No. 14-cv-9287 (Dkt. 144) is attached hereto as Exhibit 1.

6.  The Vessel faces immediate risk of arrest in an arrest-friendly jurisdiction within the next several days. ING is tracking vessels against which it is seeks to assert a lien, and has arrested several other vessels in this jurisdiction and the jurisdiction where the Vessel is arriving. ING has threatened to arrest the Vessel to enforce purported maritime lien allegedly assigned by O.W. Switzerland. Compl., Ex. 8.

7.  If the Vessel is arrested, Cobelfret will suffer irreparable harm, including severe financial harm and reputational harm as well as loss of standing in the maritime industry. In addition to financial harm and reputational harm to Cobelfret, additional harms caused by an arrest include (but are not limited to) disruption and delay of the Vessel's operations, delays to the

Vessel's schedule, crew and cargo, congestion at the port of arrest, risks of property damage and pollution at the port while under arrest. Attached as Exhibit 2 is the declaration of Robert F. DiMarsico setting forth the array of irreparable monetary and non-monetary harms that typically result from an arrest of a vessel.

8.   Attached as Exhibit 3 is the affidavit of Andries Pollie, managing director of Cobelfret, setting forth the harms that will occur to Cobelfret as a result of the arrest of the Vessel.

9.   The balance of the equities in enjoining the arrest of the Vessel by ING in connection with the Fuel Delivery weighs heavily in favor of the Plaintiff. Upon arrest or restraint, Cobelfret would be forced to post security for the Fuel Delivery claims in order for it to release the Vessel, as well as incurring the financial harms and delays described above. Any need or justification by ING for pre-judgment security here is fully extinguished because by filing of this declaratory action the Vessel submits itself to the limited jurisdiction of this Court up to the value of the principal claim fairly stated by ING which under the circumstances should be no more than the O.W. Switzerland invoice amount plus 6% interest per annum (totaling $509,976.60).

10.   The public interest weighs in favor of expediently resolving disputes as to whether ING, as alleged assignee of O.W. Switzerland's receivables has a maritime lien, as opposed to allowing countless vessel arrests in differing jurisdictions which would cause judicial inefficiency through the risk of conflicting rulings and be contrary to maritime law's strong policy in favor of uniformity.

11.   Because of the Vessel's scheduled arrival in the arrest-friendly jurisdiction on or about June 10, 2016, a Temporary Restraining Order is required to protect the Vessel from arrest until such time as the application for Preliminary Injunction can be fully briefed and considered by the Court.

#46779474_v1

12. Further, upon notice of Cobelfret's application for a Temporary Restraining Order in this matter, there is a substantial risk that ING would immediately seek to file in the relevant jurisdictions (including the location of the imminent port of arrival of the Vessel) in order to obtain seizure orders before the appropriate injunction against arrest could be issued by this Court. Such an arrest action, if allowed to be filed, will cause irreparable harm and serve to frustrate this action in which Cobelfret voluntarily submits to jurisdiction up to the amount of ING' alleged lien claims, and seeks a determination as a matter of law as to whether ING possesses a valid maritime lien against the Vessel.

13. Despite the severe harm that Defendant will suffer if the Vessel is seized by ING, Defendant has nonetheless provided notice to ING's counsel of this request for immediate injunctive relief pursuant to Fed. R. Civ. P. 65 with the hope that the Court will issue the TRO and prevent the arrest of the Vessel.

Dated: New York, New York
       June 9, 2016

_____
James H. Power

Sworn and subscribed to before me
this 9 day of June, 2016

_____
NOTARY PUBLIC

Elvin Ramos
Notary Public State of New York
NO. 01RA4870243
Qualified in Queens County
Certificate filed in New York County
Commission Expires September 2, 2018

4

#46779474_v1