```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CLdN COBELFRET PTE LTD,                                     :
                                                            :
                        Plaintiff,                          :     16-cv-4312 (KBF)
                                                            :
            -v-                                             :     ORDER
                                                            :
ING BANK N.V.,                                              :
                                                            :
                        Defendant.                          :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 10, 2016

KATHERINE B. FORREST, District Judge:

Plaintiff CLdN Cobelfret Pte Ltd ("Cobelfret") has moved the Court for a temporary restraining order which would, upon Cobelfret's deposit of a certain sum into the Court's registry, prohibit defendant ING Bank N.V. ("ING") from arresting a vessel, the M/V Piet. The M/V Piet is currently due to arrive in Australia, the location at which Cobelfret believes ING will seek to effectuate the arrest, on Sunday, June 12, 2016. For the reasons stated in this order, Cobelfret's application is DENIED.

Under the familiar standards governing applications for injunctive relief under Rule 65 in this Circuit, a movant must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd., 598

1

F.3d 30, 35 (2d Cir. 2010).  Cobelfret has shown neither that it will suffer irreparable harm if the requested temporary restraining order is not granted nor that it is either likely to succeed on the merits or that the balance of hardships tips decidedly in its favor.

I.     LIKELIHOOD OF IRREPARABLE HARM

Because preliminary injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief," a movant must show that irreparable harm is not merely possible but likely.  <u>Winter v. Nat'l Resources Defense Council</u>, 555 U.S. 7, 22 (2008).  An irreparable injury is "an injury that is not remote or speculative but actual and imminent, and for which a monetary award cannot be adequate compensation."  <u>Dexter 345 Inc. v. Cuomo</u>, 663 F.3d 59, 63 (2d Cir. 2011) (quoting <u>Tom Doherty Assocs. v. Saban Entm't, Inc.</u>, 60 F.3d 27, 37 (2d Cir. 1995)).

Cobelfret has asserted that arrest of the M/V Piet will cause it to suffer not only financial harm but also reputational harm and loss of standing in the maritime industry.  Cobelfret has supported these assertions with affidavits from both its managing director and another individual with significant experience in maritime finance.

However, the Court does not need to determine the validity, seriousness, and likelihood of these harms.  In this case, the absence of the requested injunctive relief from this Court is not a guarantee that the ship will be arrested.  To the contrary, ING has agreed not to arrest the M/V Piet if Cobelfret posts security <u>in</u>

2

Australia.  Although ING is seeking more money ($900,000.00) than Cobelfret proposes to deposit and argues is permissible ($509,976.60), such differences are entirely financial and thus any harm from being required to over-deposit is not "incapable of being fully remedied by monetary damages."  Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir. 1990).  There is no suggestion in the record, nor would the Court lightly infer, that Australian courts are unable or unwilling to receive security deposits and ensure that they are held until their proper recipient can be determined.

II.     LIKELIHOOD OF SUCCESS ON THE MERITS

The first major impediment to Cobelfret's success on the merits of this newly filed complaint is the apparent absence of any basis for personal jurisdiction over ING.[1]  The Court, as a federal district court sitting in New York, applies the New York state long-arm statute to determine the proper application of personal jurisdiction.  See Sunward Elecs., Inc. v. McDonald, 362 F.3d 17, 22 (2d Cir. 2004).

New York's general personal jurisdiction statute, CPLR § 301, can only reach foreign corporations whose "affiliations with [New York] are so constant and pervasive as to render [them] essentially at home in [New York]."  Daimler AG v. Bauman, 134 S. Ct. 746, 751 (2014).  Extension beyond this limit is incompatible with due process.  There can be no real claim that ING is essentially at home in New York.  As the complaint in this case acknowledges, it is a Dutch bank,

---

[1] The Court notes that questions of personal jurisdiction over ING have also arisen in connection with Cobelfret's motion to amend its answer in the related case ING Bank N.V. v. M/V Maritime King, 16-cv-3456.  The analysis of personal jurisdiction may differ in the context of a counterclaim.  See, e.g., Grupke v. Linda Lori Sportswear, Inc., 174 F.R.D. 15, 18 (E.D.N.Y. 1997).  Cobelfret's motion to amend remains pending before the Court.

organized under the laws of the Netherlands and with a principal place of business there.  The Court is aware that ING may have a representative office in New York, although the precise subsidiary/parent relationship between that office and ING is unclear.  A corporation with many offices across the world is not "at home" at each of them.  <u>Gucci Am., Inc. v. Bank of China</u>, 768 F.3d 122, 135 (2d Cir. 2014).  ING is therefore not within New York's general personal jurisdiction.

New York's specific personal jurisdiction statute, CPLR § 302(a), identifies acts that may be the basis of jurisdiction.  ING is not alleged to have committed any such acts.  This suit does not arise because ING has transacted business in New York, contracted to supply goods or services in New York, committed a tortious act in New York, committed a tortious act outside of New York causing injury inside New York, or owned, used, or possessed any real property in New York.  Instead, the contracts and services that are at issue in this case were negotiated, signed, and carried out outside of New York, and indeed outside of the United States altogether.  ING is therefore not within New York's specific personal jurisdiction.

ING has also not waived personal jurisdiction defenses by bringing other cases related to the collapse of OW Bunkering, such as <u>ING Bank, N.V. v. M/V Maritime King</u>, 16-cv-3456, in this district.  A party's consent to jurisdiction in one case does not confer jurisdiction in other suits.  <u>Klinghoffer v. S.N.C. Achille Lauro</u>, 937 F.2d 44, 50 n.5 (2d Cir. 1991).

Cobelfret has also not established that it is likely to succeed in its argument that ING has consented to personal jurisdiction before this Court through the

provisions of the Terms and Conditions of sale for Marine Bunkers that governed Cobelfret's contract with O.W. Switzerland, ING's purported assignee. Clause P.1 of the Terms and Conditions provides that

> This Agreement shall be governed and construed in accordance with English law.
>
> The 1980s United Nations Convention on Contracts for the International Sale of Goods (CISG) shall not aply.
>
> Except for circumstance referred to in Clause P.5 below all disputes arising in connection with this Agreement or any agreement relating hereto, save where the Seller decides otherwise in its sole discretion, shall be finally settled by arbitration in London, England.

Clause P.5, in turn, provides that

> The General Maritime Law of the United States shall always apply with respect to the existence of a maritime lien, regardless of the country in which Seller takes legal action. Seller shall be entitled to assert its rights of lien or attachment or other rights, whether in law, in equity or otherwise, in any jurisdiction where the Vessel may be found.
>
> Without prejudice to any other Clause herein any disputes and/or claims arising in connection with these conditions and/or any Agreement governed by them, any dispute and/or claim arisen in connection with a Vessel detained by Seller at any port, place or anchorage within the United States shall be submitted to the United States District Court for the Southern District of New York.

Read together, these clauses create a general rule that disputes will be settled by arbitration unless the seller elects to use a different forum, with an exception for certain disputes which shall be submitted to this Court. It is not immediately obvious which cases fall into this exception. ING argues that clause P.5 only governs cases in which a ship has been arrested in the United States. Cobelfret advances a broader interpretation, pointing to the clause's reference to

5

"any disputes and/or claims arising in connection with these conditions and/or any Agreement governed by them," which is set off from the reference to detained vessels by a comma.

Both interpretations have weaknesses. ING's view appears, at least initially, to render a portion of clause P.5 superfluous. Cobelfret's view appears, at least initially, to render the arbitration provision of clause P.1 superfluous. At this stage, it is Cobelfret's burden as movant to demonstrate that its interpretation is likely to prevail. Citigroup Global Markets, 598 F.3d at 35. Cobelfret has not carried this burden.

Although there may be sufficiently serious questions surrounding the personal jurisdiction implications of clause P.5 to make them a fair ground for litigation, Cobelfret has not carried its burden of demonstrating that the balance of hardships tips decidedly in its favor. The Second Circuit has emphasized the "decidedly" aspect of this standard and explained that it is no lighter a burden to bear than the burden of proving likelihood of success on the merits. See id. As discussed above, the instant disagreement between the parties is the amount of a deposit and the jurisdiction in which it will be held. Under these circumstances, the Court cannot conclude that Cobelfret faces decidedly more hardship than ING.

Finally, the Court notes that the above discussion is only related to the threshold question of personal jurisdiction over ING. Failure to establish such jurisdiction would be fatal to Cobelfret's claim, but success would not demonstrate Cobelfret's entitlement to the ultimate relief it seeks in its complaint. In light of the

absence of irreparable harm and the significant doubts about personal jurisdiction, the Court need not reach the likelihood that Cobelfret would prevail on the non-jurisdictional merits of its claim to decide the instant motion.

III.   CONCLUSION

For the reasons stated above, the Court DENIES Cobelfret's application for a temporary restraining order or preliminary injunction.

SO ORDERED.

Dated:   New York, New York
         June 10, 2016

_____
           KATHERINE B. FORREST
           United States District Judge